# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE MARTIN, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-00917-CV-W-FJG |
| ) | |
| PATRICK R. DONAHOE, ) | |
| Postmaster General, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is Plaintiff Stephanie Martin's Motion to Reopen Discovery (Doc. No. 81).

On October 13, 2010, Plaintiff Stephanie Martin filed a Complaint initiating the above-styled action alleging employment discrimination against Defendants (Doc. No. 5). On June 13, 2011, the Court issued a Scheduling and Trial Order which called for the close of discovery on October 28, 2011 (Doc. No. 45).[1] On September 14, 2011, the Court issued an Order reminding the parties of the discovery deadline (Doc. No. 50). Plaintiff did not initiate any form of discovery prior to October 28, 2011 (Doc. No. 85 & 90). On November 16, 2011, Plaintiff filed a request for "employment, leave, and any discipline records" for individuals related to her case "in order to prove [her] case for discrimination and [disparate] treatment." On December 19, 2011, the Court denied Plaintiff's request (Doc. No. 70). The Court stated that the proper forum in which to raise this issue is through a motion to reopen the discovery period (Doc. No. 70). The Court further stated that submission of such a

---

[1] The Court issued a revised Scheduling and Trial Order on January 25, 2012 (Doc. 79). This Scheduling and Trial Order did not change the close of discovery date original set in the first Scheduling and Trial Order (Doc. No. 45 & 79).

motion does not automatically grant the reopening of discovery, as the decision is within the Court's discretion (Doc. No. 70). Plaintiff filed the present Motion to Reopen Discovery Period on January 13, 2012 (Doc. 81) stating that she is "respectfully requesting that the discovery phase be reopened for a short period of time so that [she] may collect other documents for [her] case." (Doc. No. 81). Defendants Donahoe and Mailhandler Union Local 297 filed Suggestions in Opposition to Plaintiff's request (Doc. No. 85 & 90).

Local Rule 16.3 states the following:

> A deadline established by a scheduling order will be extended only upon a *good cause* finding by the Court. In the absence of disabling circumstances, the deadline for completion of all discovery will not be extended unless there has been *active discovery*. Delayed discovery will not justify an extension of discovery deadlines. A motion to extend any deadline in a scheduling order *shall demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered scheduling order*. The date for completion of discovery will be extended only if the remaining discovery is specifically described and scheduled...

(emphasis added). In this case, Plaintiff Stephanie Martin did not engage in active discovery during the discovery period. Furthermore, Plaintiff has not provided the Court with sufficient evidence demonstrating good cause warranting an extension or reopening of the discovery period. Plaintiff fails to meet the standard set by the aforementioned Rule. As such, Plaintiff Stephanie Martin's Motion to Reopen Discovery (Doc. No. 81) is hereby **DENIED**.

The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to the following: Stephanie A. Martin 14208 W. 83rd Street Lenexa, KS 66215

**IT IS SO ORDERED.**

Date : February 27, 2012
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge