IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

STEPHANIE A. MARTIN,            )
                                )
        Plaintiff,               )
                                )
        v.                       )   Case No. 10-00917-CV-FJG
                                )
PATRICK R. DONAHOE,              )
POSTMASTER GENERAL, *et. al.*,   )
                                )
        Defendants.              )

# ORDER

Currently pending before the Court is Plaintiff Stephanie Martin's Motion for Summary Judgment (Doc. No. 82).[1]

## I. Background

This is an action arising out of Plaintiff's termination from her employment with the United States Postal Service ("Employer") (Doc. No. 1). Plaintiff's Complaint alleges that the Employer violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by discriminating against her on the basis of race (Doc. No. 1). Plaintiff seeks reinstatement of her job and backpay (Doc. No. 1).

Plaintiff submits the present Motion for Summary Judgment for the Court to enter judgment in her favor on all claims (Doc. No. 82).

## II. Facts

Plaintiff worked for the United States Postal Service from August 1997 through February 2009.[2] During 2008 and 2009, Plaintiff worked as a mail handler at the

---

[1] Plaintiff Stephanie Martin is proceeding in this action *pro se*.

Employer's Processing and Distribution Center in Kansas City, Missouri. During 2008, Plaintiff was suspended from work for absenteeism and failure to follow instructions. Plaintiff received a Notice of Removal from Employer. Subsequently, Mailhandler Union Local 297 ("Local 297") filed a grievance challenging Plaintiff's Notice of Removal. On November 24, 2008, Plaintiff and Employer settled Plaintiff's grievance by entering into a Last Chance Agreement. The Last Chance Agreement provided that Plaintiff could return to her employment position, as long as she complied with the terms and conditions of the Last Chance Agreement for a period of 15 months or she would be terminated. The Last Chance Agreement also provided that Plaintiff must limit unscheduled absences to no more than 36 hours of the normally scheduled work hours or 5 absences, whichever is less, during the 15 month trial period. Furthermore, the Agreement stated that the settlement of Plaintiff's grievance constituted withdrawal of all current appeals including Equal Employment Opportunity claims and that no other appeals would be filed, processed or pursued.

Plaintiff was absent from work December 24, 2008 through January 2, 2009. As such, Plaintiff was removed from her employment on February 3, 2009. Mailhandler Union Local 297 filed another grievance on behalf of Plaintiff contending the removal was improper. On July 10, 2009, the grievance proceeded to arbitration. During arbitration, Plaintiff's Union advocate argued that Plaintiff's absences were caused by legitimate medical problems and provided the arbitrator with copies of documentation from Plaintiff's doctor. On July 16, 2009, an arbitrator upheld the removal, finding that Plaintiff violated the terms of the Last Chance Agreement, and ruled in favor of the

---

[2] The facts contained herein are taken from the pleadings (Doc. No. 1, 69, 80, 82, 87, 92) and are used solely for purposes of this order. Plaintiff provided a scarce amount of facts. As such, the facts contained therein are taken in large part from Defendants' pleadings. The Court is not bound by the facts contained herein.

Postal Service. In July of 2009, Plaintiff made contact with an Equal Employment Opportunity counselor. On October 13, 2010 Plaintiff brought suit in the above-styled action against Mailhandler Union Local 297 and Employer alleging violation of Title VII on the basis of race.

**III.     Plaintiff's Motion for Summary Judgment** (Doc. No. 82)

Plaintiff submits the present Motion for Summary Judgment against Employer and Mailhandler Union Local 297. Specifically, Plaintiff claims that Mailhandler Union Local 297 did not inform her of her right to exhaust administrative remedies and the Equal Employment Opportunity process. Plaintiff claims Employer wrongfully terminated her for absenteeism. Plaintiff states she had legitimate medical reasons for her absence – a severe head injury. Furthermore, Plaintiff states that Employer discriminated against her on the basis of race because similarly situated African-American or Black employees were given their jobs back under similar circumstances. Plaintiff is a Caucasian or White female. (Doc. No. 82).

Defendant Donahoe, on behalf of Employer, submits that Plaintiff's Motion for Summary Judgment should be denied. Specifically, Defendant Donahoe states that Plaintiff does not support her assertions of facts by citations to material in the record, nor by affidavits or declarations, as required by Federal Rule of Civil Procedure 56(c)(1)(A) and (4) and by Local Rule 56.1(a)  Moreover, even if the assertions of facts are accepted, Plaintiff's Motion does not establish that Plaintiff is entitled to judgment as a matter of law. The Motion does not set forth assertions that would arguably establish that the Court has jurisdiction, nor arguably establish the elements of a claim for discrimination. (Doc. No. 87).

3

Case 4:10-cv-00917-FJG   Document 106   Filed 04/02/12   Page 3 of 5

Defendant Mailhandlers Union Local 297 submits arguments similar to that of Defendant Donahue in that it argues that Plaintiff's Motion should be denied on the grounds that it is procedurally and substantively deficient. In addition to not comply with Federal Rule of Civil Procedure 56 and Local Rule 56, Local 297 submits Plaintiff has been unable to provide any factual support for her claim that Local 297 engaged in Title VII discrimination. Discrimination on the basis of a disability is subject to protection under The Rehabilitation Act, not Title VII. Furthermore, Defendant Local 297 contends what Plaintiff appears to be alleging against it is a violation of the duty of fair representation, not Title VII. A 6-month statute of limitations is applied to duty of fair representation actions. As such, Plaintiff's claims against Local 297 are barred. Finally, to the extent Plaintiff's claims are not time-barred, there is no factual support for her assertion that the Union failed to adequately represent her. (Doc. No. 92).

### A. Standard of Review

Summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Plaintiff's evidence is to "be believed and all justifiable inferences are to be drawn in [Plaintiff's] favor." Eastman Kodak Co. v. Image Technical Serv., Inc., 504 U.S. 451 (1992). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### B. Discussion

Federal Rule of Civil Procedure 56 states that a party moving for summary judgment must assert a fact cannot be genuinely disputed by citing to particular parts of

material in the record or by showing that the materials cited do not establish the absence or presence of a genuine dispute. If a party fails to properly support an assertion of fact, the Court may issue any order it deems appropriate. Fed. R. Civ. P. 56(e)(4). Local Rule 56.1 states that a party moving for summary judgment must file its suggestions in support which set forth facts supported by reference to where in the record the fact is established.

In this case, Plaintiff's Motion for Summary Judgment is not supported by citations to material in the record. Plaintiff merely makes factual assertions and legal conclusions based on her beliefs. As such, the Court has discretion to enter any order it deems appropriate. The Court deems it appropriate to rule as currently exists on the record.[3] Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 82) is **DENIED**.

## IV. Conclusion

Plaintiff's Motion for Summary Judgment (Doc. No. 82) is **DENIED**. The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to the following: Stephanie A. Martin 14208 W. 83rd Street Lenexa, KS 66215.

**IT IS SO ORDERED.**

Date: 4/2/2012                                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                                           Chief United States District Judge

---

[3] It is important to note that Plaintiff has been granted four Motions for Extension of Time in the above-styled action. (Doc. No. 23, 53, 81, & 95). Plaintiff received a one month extension of time in which to file Reply Suggestions to Defendants' Suggestions in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 98). Plaintiff's ultimate Reply Suggestions filed did not address the issue at hand, but rather responded to Defendant Donahoe's Motion to Dismiss (Doc. No. 103).