IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

STEPHANIE A. MARTIN,            )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Case No. 10-00917-CV-FJG
                                )
PATRICK R. DONAHOE,             )
POSTMASTER GENERAL, *et. al.*,  )
                                )
    Defendants.                 )

# ORDER

Currently pending before the Court is Defendant National Mail Handlers Union Local 297's Motion for Summary Judgment and Defendant Postmaster General Patrick R. Donahoe's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 68 & 80).

## I.    Background

This is an action arising out of Plaintiff Stephanie Martin's[1] termination from her employment with the United States Postal Service ("Employer") (Doc. No. 1). Plaintiff's Complaint alleges that the Employer violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by discriminating against her on the basis of race (Doc. No. 1). Plaintiff seeks reinstatement of her job and back pay (Doc. No. 1).

Defendant National Mail Handlers Union Local 297 ("Local 297" or "Union") Defendant Postmaster General Patrick R. Donahoe submit the present Motion for Summary Judgment and Motion to Dismiss for the Court to enter judgment in their favor on all claims (Doc. No. 68 & 80).

---

[1] Plaintiff Stephanie Martin is proceeding in this action *pro se*.

## II.     Facts

Plaintiff worked for the United States Postal Service ("Employer") from August 1997 through February 2009.[2]  During 2008 and 2009, Plaintiff worked as a mail handler at the Employer's Processing and Distribution Center in Kansas City, Missouri. During 2008, Plaintiff was suspended from work for absenteeism and failure to follow instructions.  Plaintiff received a Notice of Removal from Employer.  Subsequently, Local 297 filed a grievance challenging Plaintiff's Notice of Removal.  On November 24, 2008, Plaintiff and Employer settled Plaintiff's grievance by entering into a Last Chance Agreement.  The Last Chance Agreement provided that Plaintiff could return to her employment position, as long as she complied with the terms and conditions of the Last Chance Agreement for a period of 15 months or she would be terminated.  The Last Chance Agreement also provided that Plaintiff must limit unscheduled absences to no more than 36 hours of the normally scheduled work hours or 5 absences, whichever is less, during the 15 month trial period.  Furthermore, the Agreement stated that the settlement of Plaintiff's grievance constituted withdrawal of all current appeals including Equal Employment Opportunity claims and that no other appeals would be filed, processed or pursued.

Subsequently, Plaintiff was absent from work December 24, 2008 through January 2, 2009.  As such, Plaintiff was removed from her employment on February 3, 2009.  Local 297 filed another grievance on behalf of Plaintiff contending the removal was improper.  On July 10, 2009, the grievance proceeded to arbitration.  During arbitration, Plaintiff's Union advocate argued that Plaintiff's absences were caused by

---

[2] The facts contained herein are taken from the pleadings (Doc. No. 1, 69, 80, 82, 87, 92,103) and are used solely for purposes of this order.   The Court is not bound by the facts contained herein.

legitimate medical problems and provided the arbitrator with copies of documentation from Plaintiff's doctor. On July 16, 2009, an arbitrator upheld the removal, finding that Plaintiff violated the terms of the Last Chance Agreement, and ruled in favor of the Postal Service. In July of 2009, Plaintiff made contact with an Equal Employment Opportunity ("EEO") counselor. On October 13, 2010, Plaintiff brought suit in the above-styled action against Local 297 and Employer alleging violation of Title VII on the basis of race. Plaintiff claims similarly situated African-American or Black employees were given their jobs back under similar circumstances. Plaintiff is a Caucasian or White female.

**III.     Defendant Mail Handlers Union Local 297's Motion for Summary Judgment (Doc. No. 68) & Defendant Patrick R. Donahoe's Motion to Dismiss (Doc. No. 80)**

Defendant Mail Handlers Union Local 297 contends that the Court should grant Summary Judgment in its favor. First, Plaintiff's claims are barred because Plaintiff failed to exhaust her administrative remedies. Aggrieved persons who believe they have been discriminated against must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter. The contact with the EEO counselor must be made within forty-five (45) days of the date of the discriminatory contact or within forty-five (45) days of the date of the discriminatory personnel action. Plaintiff's contact with an EEO counselor in July 2009 for termination that occurred on February 3, 2009 is outside of the forty-five (45) day deadline, and is therefore untimely. Second, although Plaintiff's Complaint alleges that Local 297 discriminated against her in violation of Title VII, Plaintiff is actually claiming that Local 297 breached its duty of fair representation.  A 6-month statute of limitations is applied to duty of fair

3

Case 4:10-cv-00917-FJG   Document 109   Filed 04/12/12   Page 3 of 7

representation actions. As such, Plaintiff's claims against Local 297 are barred. Finally, alternatively, Plaintiff cannot establish that Local 297 violated its duty of fair representation. Local 297 was under no obligation to provide Plaintiff with information about the EEO process and there is no factual support for Plaintiff's assertion that the Union failed to adequately represent her. (Doc. No. 68 & 69).

Defendant Donahoe articulates much of the same reasoning of Defendant Local 297 in that the Court should dismiss this action because Plaintiff failed to exhaust her administrative remedies. Furthermore, even if Plaintiff's claims are not barred by failure to exhaust administrative remedies, Plaintiff's claims are still subject to summary judgment because the merits of the arbitrator's decision are not open for reconsideration per the language of the Last Chance Agreement in which Plaintiff signed. Finally, Plaintiff cannot establish a Title VII cause of action. Plaintiff's claims fail for lack of evidence that the Black employees were "similarly situated in all relevant respects", but treated differently by the Employer. As such, Plaintiff is unable to establish a *prima facie* case under Title VII. (Doc. No. 80).

Plaintiff's Complaint and subsequent pleadings contend that Employer fired her despite knowing about her severe head injury. The pleadings also contend that similarly situated Black employees were permitted to return to work. Plaintiff states that Local 297 did not inform Plaintiff of her right to exhaust administrative remedies and the Equal Employment Opportunity process.[3] Furthermore, Local 297 should have done

---

[3] It is important to note that Plaintiff did not file any Suggestions in Opposition to Defendant Local 297's Motion for Summary Judgment. Although this would be a sufficient reason for the Court to grant Defendant's Motion for Summary Judgment, the Eighth Circuit has instructed that when a Plaintiff fails to respond adequately to a Motion for Summary Judgment, a court should "proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken. Even on unopposed motions, courts should view the facts in the light most favorable to the party who would be opposing the motion." Lowry v. Powerscreen USB, Inc., 72 F.Supp.2d 1061, 1064 (E.D.Mo. 1999), quoting Canada v. Union Electric Co., 135 F.3d 1211, 1213 (8th Cir. 1997).

more for Plaintiff in its representation of Plaintiff's interests. Local 297 did not act zealously against Employer on Plaintiff's behalf when medical documentation was provided stating that Plaintiff had a severe injury. As such, Local 297 discriminated against Plaintiff. Finally, Plaintiff can provide factual support of Local 297's deficiencies. Specifically, Union representatives often stated to Plaintiff that she should not have signed the Last Chance Agreement. (Doc. No. 82, 103).

### A. Standard of Review

Summary judgment shall be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Plaintiff's evidence is to "be believed and all justifiable inferences are to be drawn in [Plaintiff's] favor." Eastman Kodak Co. v. Image Technical Serv., Inc., 504 U.S. 451 (1992). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Graham Constr. Serv., Inc. v. Hammer & Steel, Inc., No. 4:11CV1316 JCH, 2012 WL 685459, at *2 (E.D. Mo. March 2, 2012) citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). Additionally, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Id. citing Coons v. Mineta, 410 f.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted, however, if the Complaint does not contain enough facts to state a claim to relief that is plausible on its

5

face.  Id. citing Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007).  While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id.  Stated differently, to survive a motion to dismiss the Complaint's factual allegations, must be enough to raise a right to relief above the speculative level.  Id.

**B. Discussion**

Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies.  Burkett v. Glickman, 327 F.3d 658 660 (8th Cir. 2003).  For a federal employee, this requires, as an initial matter, that she "initiate contact" with an Equal Employment Opportunity (EEO) counselor "within 45 days of the date of the matter alleged to be discriminatory" or of the effective date of the alleged discriminatory personnel action.  Id. citing 29 C.F.R. 1614.105(a)(1).  See also Jensen v. Henderson, 315 F.3d 854, 858 (8th Cir. 2002).  Discriminatory acts are not actionable if time barred.  Id. citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002).

Plaintiff was removed from her employment on February 3, 2009.  Plaintiff did not contact an Equal Employment Opportunity counselor until July of 2009.  This is well beyond the forty-five (45) day deadline.  As such, Plaintiff's claims are time barred.  Plaintiff failed to exhaust her administrative remedies and thus, the Court may not hear Plaintiff's discrimination claims.  Plaintiff's suit is **DISMISSED**.

6

## IV. Conclusion

Defendant National Mail Handlers Union Local 297's Motion for Summary Judgment (Doc. No. 68) is hereby **GRANTED**.  Defendant Postmaster General Patrick R. Donahoe's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 80) is hereby **GRANTED**.  Plaintiff's suit is **DISMISSED**.  The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to the following: Stephanie A. Martin 14208 W. 83rd Street Lenexa, KS 66215.

**IT IS SO ORDERED.**

Date: 04/12/12
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge